In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

MDL No. 381.

United States District Court, E.D. New York.

Sept. 26, 1983.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agriculture & Nutrition Co., Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley, Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civil Division, Dept. of Justice, Washington, D.C., for the United States of America.

GEORGE C. PRATT, Circuit Judge, Sitting by Designation:

In Pretrial Order No. 26, the court appointed a consortium of lawyers operating under the name "Yannacone and Associates" as attorneys for the plaintiff class. Although the class status of the action was not then and has not yet been formally and finally adjudicated, Yannacone and Associates have functioned as lead counsel for the plaintiffs in all matters before the court since December 1980.

Before the court now are two related applications by which counsel for plaintiffs seek to regroup and shift responsibility for representing the plaintiff class. By notice of motion dated September 19, 1983, Yannacone and Associates seek an order relieving them of the designation, duties, and responsibilities of lead counsel, and request that the court appoint others to replace them. The reason given is that the moving attorneys will be unable to absorb the enormous expense that continued prosecution of the litigation will inevitably entail. The moving attorneys state that their dedication to the cause of plaintiffs remains undiminished, and that they intend to offer their services to whomever the court selects to replace them. They assert that the application was approved at a meeting of Yannacone and Associates attended by seven of its eight voting members.

By a notice of motion that is undated, but which was received by the court on September 23, 1983, Stephen J. Schlegel, of Schlegel and Trafelet, Ltd., of Chicago, Illinois, Benton Musselwhite, of the law offices of Benton Musselwhite, Inc., of Houston, Texas, and Thomas W. Henderson of Baskin and Sears, of Pittsburgh, Pennsylvania, jointly move for an order designating their firms to be plaintiffs' management committee in the litigation, essentially replacing Yannacone and Associates. No one has opposed either application.

These two applications come at an awkward time in this litigation. The discovery schedule fixed by the special master is about to begin and will require prompt and

diligent attention by plaintiffs' attorneys. Because of the shortness of time and the urgent need for continuity of representation, the court is acting immediately on the two applications on the understanding that any plaintiff in the action may file with the court any objection he or she may have to this order, provided the objection is filed on or before October 17, 1983.

Continuation of the present pattern of representation of the plaintiffs through a group of attorneys, rather than by a single lead counsel, is in the best interests of the plaintiffs. The court does not feel it would be appropriate to refuse to release Yannacone and Associates from their obligations as lead counsel in the litigation in the face of their claim of inability to continue carrying the burdens of the litigation any longer. The attorneys who seek to become the plaintiffs' management committee are charged with knowledge of the responsibilities and burdens that they will be undertaking, and also of the time schedule for remaining discovery and trials, if necessary, as they have been worked out to date with the special master, and in some respects, approved by the court.

The court, therefore, grants the application of Yannacone and Associates to be relieved as lead counsel for plaintiffs in this litigation. The second application is also granted to the extent that the three firms shall henceforth function as the plaintiffs' management committee and lead counsel, subject to further order of the court.

There shall be added immediately to the service list the following names who shall receive copies of all papers in the action:

Mr. Stephen J. Schlegel
Schlegel & Trafelet, Ltd.
One North LaSalle Street
Suite 3900
Chicago, Illinois 60602

Mr. Benton Musselwhite
Law Offices of Benton Musselwhite, Inc.
Suite 517
609 Fannin
Houston, Texas 77002

Mr. Thomas Henderson
Baskin & Sears
Frick Building—10th Floor
Pittsburgh, Pennsylvania 15219

The following names shall be deleted from the service list:

Irving Like
Robert A. Taylor

The designation of Victor J. Yannacone, Jr. as "lead counsel" shall also be deleted from the service list.

All members of Yannacone and Associates are directed to cooperate with the new plaintiffs' management committee and to make available to them forthwith such records, files, and research as may assist them in protecting the interests of the plaintiffs in this action. All questions of compensation for Yannacone and Associates, as well as for the new plaintiffs' management committee, are deferred for future consideration.

SO ORDERED.